1

2

3

4

5

6

7

8

9

10          **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13   EDWARD B. HAMILTON, et al.,                    CASE NO. CV F 10-1740 LJO SKO

14              Plaintiffs,                         **ORDER TO DISMISS REMAINING
                                                    DEFENDANTS**
15        vs.                                       (Doc. 21, 22.)

16   BANK OF BLUE VALLEY, et al.,

17              Defendants.
                                              /
18

19                              **BACKGROUND**

20        This Court's October 20, 2010 order ("October 20 order") dismissed with prejudice defendants

21   JP Morgan Chase Bank, N.A. ("Chase") and Mortgage Electronic Systems, Inc. ("MERS") and noted

22   irreparable deficiencies in the operative complaint of plaintiffs Edward Hamilton ("Mr. Hamilton") and

23   Anne Marie Hamilton ("Mrs. Hamilton").  The October 20 order required Mr. and Mrs. Hamilton, no

24   later than October 29, 2010, to file papers to show cause why this Court should not dismiss this action

25   against remaining defendants Bank of Blue Valley, Quality Loan Service Corp., and Washington Mutual

26   Bank FA (collectively "remaining defendants").  The October 20 order **ADMONISHES Mr. and Mrs.**

27   **Hamilton and their counsel that this Court will dismiss this action against defendants Bank of**

28   **Blue Valley, Quality Loan Service Corp., and Washington Mutual Bank FA if Mr. and**

1

1   **Hamilton and/or their counsel fail to comply with this order and fail to file timely papers to show**

2   **cause why this Court should not dismiss this action against defendants Bank of Blue Valley,**

3   **Quality Loan Service Corp., and Washington Mutual Bank FA.**"  (Bold in original.)  Mr. and Mrs.

4   Hamilton's counsel filed papers which failed to address meaningfully why this Court should not dismiss

5   the remaining defendants.  The papers appeared to repeat rejected arguments to oppose dismissal of

6   Chase and MERS.  The papers, at best, tangentially touched on the remaining defendants.

7   **DISCUSSION**

8   **Failure To Comply With Orders**

9        This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

10  [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and

11  all sanctions . . . within the inherent power of the Court."  District courts have inherent power to control

12  their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate

13  . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may

14  dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules.  *See, e.g.,*

15  *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);

16  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

17  requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal

18  for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone*

19  *v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

20  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution

21  and failure to comply with local rules).

22       In determining whether to dismiss an action for failure to comply with a court order or local rules

23  or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious

24  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant;

25  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

26  alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

27  *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

28       In this case, the public's interest in expeditiously resolving this litigation and the Court's interest

2

1   in managing its docket weigh in favor of dismissal as Mr. and Mrs. Hamilton indicate a lack of interest

2   to further litigate or prosecute this action with their meaningless papers. The third factor -- risk of

3   prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the

4   occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th

5   Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

6   outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party

7   that its failure to obey the court's order will result in dismissal satisfies the "consideration of

8   alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d

9   at 1424. The October 20 order "**ADMONISHES Mr. and Mrs. Hamilton and their counsel that this**

10  **Court will dismiss this action against defendants Bank of Blue Valley, Quality Loan Service Corp.,**

11  **and Washington Mutual Bank FA if Mr. and Mrs. Hamilton and/or their counsel fail to comply**

12  **with this order and fail to file timely papers to show cause why this Court should not dismiss this**

13  **action against defendants Bank of Blue Valley, Quality Loan Service Corp., and Washington**

14  **Mutual Bank FA.**" (Bold in original.) Mr. and Mrs. Hamilton's counsel ignored the import of the

15  October 20 order in failing to address why the remaining defendants should not be dismissed. As such,

16  Mr. and Mrs. Hamilton's counsel disobeyed the October 20 order despite adequate warning that

17  dismissal will result from disobedience of this Court's order.

18      Moreover, the October 20 order demonstrates that Mr. and Mrs. Hamilton lack a viable claim

19  under their complaint's theories. This Court construes absence of a meaningful response to the October

20  20 order as a concession that Mr. and Mrs. Hamilton lack viable claims against the remaining

21  defendants. As detailed in the October 20 order, the complaint's California and federal statutory claims

22  fail as barred legally or by limitations periods. The complaint's purported state law claims are barred

23  legally for reasons discussed in the October 20 order. In light of this Court's discussion in the October

24  20 order and the grounds raised by Chase and MERS, Mr. and Mrs. Hamilton lack a viable claim.

25      This Court surmises that Mr. and Mrs. Hamilton brought this action in absence of good faith and

26  that Mr. and Mrs. Hamilton exploit the court system solely for delay or to vex defendants. The test for

27  maliciousness is a subjective one and requires the court to "determine the . . . good faith of the

28  applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795

1  F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has

2  inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of

3  good faith or malice also can be inferred from a complaint containing untrue material allegations of fact

4  or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th

5  Cir. 1984).  An attempt to vex or delay provides further grounds to dismiss this action against the

6  remaining defendants.

## CONCLUSION AND ORDER

7

8      For the reasons discussed above, this Court:

9      1.      DISMISSES this action without prejudice against the remaining defendants; and

10     2.      DIRECTS the clerk to enter judgment in favor of defendants Bank of Blue Valley,

11             Quality Loan Service Corp., and Washington Mutual Bank FA and against plaintiffs

12             Edward Hamilton and Anne Marie Hamilton and to close this action.

13     IT IS SO ORDERED.

14  **Dated:    October 29, 2010            /s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28